FILED

2022 JAN 27 PM 3: 00

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
RIVERSIDE

BY _____

VIRNIECIA GREEN-JORDAN
250 W. First Street
Perris, CA 92570
(951) 238-9879

JAMES C. JORDAN, III
250 W. First Street
Perris, CA 92570
P.O. Box 1823
Perris, CA 92572
Plaintiff(s) In Pro Per

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**VIRNIECIA GREEN-JORDAN;**
**JAMES C. JORDAN, III**

                              **Plaintiff**

                    **V**

**MATTHEW L. TAYLOR, individually
and in his capacity as Superior Court
Of The State Of California, Riverside
Partition Referee; Jan D. Taylor,
individually and in his capacity as a
Real Estate Agent for Espinoza Realty;
Angie Solis, individually and in her
capacity as code enforcement officer for
the Code Enforcement Department Of
Riverside County;  JOHN F.
MANSOUR, individually and in his
capacity as attorney; Judge CRAIG
REIMER, individually and in his
capacity of as Superior Court Of
California, County Of Riverside Judge;
Commissioner, David E. Gregory,
individually and in his capacity as
Superior Court Of California, County
Of Riverside Commissioner; Riverside
County Sheriff Department, et al. Code
Enforcement Department Of Riverside
County, et al, Riverside County
Department Of Animal Services, et al;
County Of Riverside, et al; Espinoza
Realty, et al #1 - 10**

                              **Defendant(s)**

Case Number: _____

**E D C V 2 2 - 0 0 1 7 0 - DMG (ADS :)**

Civil Rights Complaint Pursuant To 42
U.S.C.  § 1983 (non-prisoner)

**TRIAL BY JURY DEMANDED**

1

## I. COMPLAINT

1.      This is action brought pursuant to *inter alta*, 42 USC § 1983, alleging violation of the Fourth and Fourteen Amendments to the Constitution Of The United States Of America.

2.      This action arises from the aggressive overt behaviors of the Riverside County Sheriff Department, Riverside County Department Of Animal Services, Superior Court Referee Partition Referee Matthew L. Taylor lockout and his lockout crew seizing property at 22615 De Prad, Perris, California 92570 on December 1, 2021, about 12:00 p.m. witnessed as well as distressed many community neighbors.

3.      The Plaintiff(s), Virniecia Green-Jordan (owner) and James C. Jordan, III (Ms. Green-Jordan's son, residing on property), were forced off property not allowed to get any belongings, property seized by Riverside County Sheriff's officers, stating to Mr. Jordan that his dog would be incarcerated, both (Ms. Green-Jordan and Mr. Jordan) threatened with being jailed, and that Virniecia Green-Jordan's grandson would be placed in custody of Riverside County Children Protective Services (Grandchild is James C. Jordan, III's son).

4.      James C. Jordan, III, unemployed was forced homeless with a tenant eviction judgment (now deprived of a place to live and finding gainful employment during this COVID 19 Pandemic) from Partition Referee Matthew L. Taylor when he doesn't have a tenant-landlord relation with him. He is the only heir to the said property. Thereafter, Partition Referee Taylor extorted Mr. Jordan to buy back his belongings. The eviction of James C. Jordan, III, was a purposeful action by Partition Referee Matthew

2

Taylor to remove him to seize property in order to forced private sale it without Virniecia Green-Jordan's knowledge or notice.

5.     This action is a result of Virniecia Green-Jordan's Superior Court Of California, County Of Riverside Court filings in order to partition in-kind property between Brother Walter H. Green as per the state of California prefers. The property is 21/2 acres, owned by their parents where they resided together growing up. The zoning for the land is that it can partition in half. After Interlocutory Judgment on April 27, 2018, Virniecia Green-Jordan filed an appeal and was denied in December 2019. Ms. Green-Jordan last attempt for an appeal was to the California Supreme Court prior to COVID 19 Pandemic in December 2019, after which Ms. Green-Jordan was unable to proceed with any other legal procedures. Matthew L. Taylor filed James C. Jordan, III eviction paperwork during COVID 19 without Virniecia Green-Jordan knowledge or notification.

6.     The Superior Court Of California, County Of Riverside has, regarding, Ms. Green-Jordan's case, various violations of improper procedural due process legal court proceeding notifications that occurred in April 2018, before trial, during trial and after judgment along with the seizure of property on December 1, 2021. Motions concerning these actions have been filed in the Superior Court Of California, County Of Riverside, but were ignored by the court.

7.     Other due process violations have occurred with the Superior Court Of California, County Of Riverside including Matthew L. Taylor Partition Referee forced appointment without a referee selection process in May, 2018 that also consisted in the court paperwork's not given the  physical address to serve Partition Referee (only given

3

a P.O. Box) and the forced sale of property without considering partition in-kind as preferred in the state of California prior to Interlocutory Judgment, April 27, 2018. Motions filed against these actions were ignored.

8.     Matthew L. Taylor, as Partition Referee under authority of the Superior Court Of California, County Of Riverside has done excessive outrageous, reckless, intentional emotional harm colluding with several Riverside County Departments and others to seize Ms. Green-Jordan's property and to remove Mr. Jordan.  Many times, since judgement, Partition Referee billed Ms. Green-Jordan's after he has done the intentional outrageous and reckless actions without her knowledge or notice, causing emotional distress to her and James C. Jordan, III, son thereby, depriving both of inheritance property, personal property causing much indebtedness and depriving constitutional rights.

## II. JURISDICTION AND VENUE

9.     This Court has subject matter jurisdiction under 28 U.S.C.§1331 over the federal claims concerning violations of the Fourth and Fourteen Amendments.

10.     Venue is proper in this judicial district under 28 U.S.C. § 1391 because the events giving rise to this claim herein occurred in State Of California County of Riverside within the United State District Court Central District Of California, Eastern Division.

## III. PARTIES

11.     Virniecia Green-Jordan, is a citizen of the United States, a resident of California, and at all times relevant hereto a Black individual, past Perris Elementary School Board Member, Perris, California (1985-2021); special education educator.

4

12.     James C. Jordan, is a citizen of the United States, a resident of California,

and at all times relevant hereto a Black individual homeless and unemployed.

13.     Defendant County of Riverside et al, is duly governmental entity and

existing under the laws of the State Of California.

14.     Defendant County Of Riverside Sheriff Department et al, is duly an law

enforcement department under the County of Riverside, California.

15.     Defendant Code Enforcement Department Of Riverside County, et al., is

duly an enforcement department under the County of Riverside, California.

16.     Defendant Riverside County Department Of Animal Services, et al, is

duly an enforcement department under the County of Riverside, California.

17.     Defendant Espinoza Realty, et al a real estate business duly operating

and existing under the laws of the State Of California.

18.     Defendant MATTHEW L. TAYLOR is a citizen of the United States, a

resident of California, and at all times relevant hereto appointed by Superior Court Of

The State Of California, Riverside in the capacity as a Partition Referee. This action

asserts claims as MATTHEW L. TAYLOR against his official and individual capacities.

19.     Defendant Jan D. Taylor is a citizen of the United States, a resident of

California. At all times relevant hereto, working in the capacity of real estate agent for

Espinoza Realty. This action asserts claims against Taylor in his official and individual

capacities.

20.     Defendant Angie Solis is a citizen of the United States, a resident of

California. At all times relevant hereto, working in the capacity as a code enforcement

5

officer employed by the Code Enforcement Department Of Riverside County. This action asserts claims against Solis in her official and individual capacities.

21.     Defendant JOHN F. MANSOUR is a citizen of the United States, a resident of California. At all times relevant hereto, working in the capacity as an attorney employed by MATTHEW L. TAYLOR. This action asserts claims against MANSOUR in his official and individually capacities.

22.     Defendant Judge CRAIG REIMER is a citizen of the United States, a resident of California. At all times relevant hereto, works in his capacity of as Superior Court Of California, County Of Riverside judge. This action asserts claims against Judge REIMER in his official and individual capacities.

23.     Defendant Commissioner David E. Gregory is a citizen of the United States, a resident of California. At all times relevant hereto, works in his capacity of as Superior Court Of California, County Of Riverside commissioner. This action asserts claims against Commissioner Gregory in his official and individual capacities.

## IV. STATEMENTS OF FACTS

24.     On December 1, 2021, James C. Jordan, III, the only heir of property at 22615 De Prad, Perris, California 92570, 21/2 acres, was wrongfully evicted by five (5) Riverside County Sheriff armored SWAT vehicles with the Riverside County Department Of Animal Services, et al, ensued with a forced entry through the closed front gate property entrance (damaging it). Upon entering property, a deputy cocking a shotgun, searching for others, ordering Mr. Jordan that, "if he didn't leave property that he would be jailed and so will his dog be jailed." Mr. Jordan was the only one on the said property. The whole neighborhood witnessed this occurrence. (Now, after seizure,

the Sheriffs have talked with neighbors stating if anyone is seen on property to report them.) Mr. Jordan feels/felt like he was/is being treated like a criminal.

25.     Thereafter, the armed vehicles drove out of property allowing drones dispatched and entrance of Riverside County Animal Control Officer, Partition Referee Matthew L. Taylor along with five lockout crew vehicles and eight (8) sheriff cars surrounding the perimeter of the property.

26.     About that time, Ms. Green-Jordan arrived on property videotaping the police and the persons on the property and was threatened also to be put in jail upon entrance on the property, as well, grandson with her, would be placed in Riverside Child Protective Services custody. The sheriff's told Ms. Green-Jordan that she had fifteen (15) days to respond to the lock out, but by December 6, 2021, Partition Referee had cut off all utilities putting them in his name without Ms. Green-Jordan's knowledge or notification. The utility companies stated that Ms. Green-Jordan couldn't do anything to change this.

27.     Neither Mr. Jordan nor Ms. Green-Jordan were able to get any belongings. This forceful locking out of (a lock placed on gate and customized wood boarding placed on all of mobile home's widows and exits; sealing off entrance), This excessive force and seizure property occurrence towards Mr. Jordan and Ms. Green-Jordan was extremely threatening with intentional emotional intimidation of being arrested to seize property. Both Ms. Green-Jordan and Mr. Jordan have personal property on premise as well as the Perris Valley Arts And Activities, a California nonprofit's, property.

28.     So, the seizure of property and possessions, boarding of windows and doors, Sheriff telling neighbors to report individuals seen at property, cutting off utilities before the fifteen days response timeline as per Sheriff's statements deprives Ms. Green-Jordan and Mr. Jordan access to property and belongings violating constitutional due process rights and actions under the color of the law 42 § 1983.

29.     The Sheriffs' response to Ms. Green-Jordan forced ousting was giving her two business cards: Matthew L. Taylor, Superior Court Receiver with only a P.O. Box on card. (Concealing Partition Referee physical address which have been concealed since his appointment as Partition Referee, 5/29/2018.); and Espinoza Realty, Jan D. Taylor, Agent with only a phone number on the card; a possible relative of Partition Referee. Both business cards without addresses deprive Mr. Jordan and Ms. Green-Jordan the ability to serve these individuals in court proceedings.

30.     This incident affected about a half-a-mile radius with the whole community observing this incident that involved Ms. Green-Jordan and Mr. Jordan. Ms. Green-Jordan has been a Perris Elementary School Board member for over thirty-three (33) years of dedicated responsible community service and positive civic and community development reputation, thus, this intentional negative intentional actions by Partition Referee and his lock out crew, Riverside County Sheriff Department, Riverside County Animal Control was outrageous, reckless, and intense causing much emotional distress and humiliation to Ms. Green-Jordan and Mr. Jordan.

31.     Mr. Jordan's eviction was through a fraudulent eviction process starting in March 2020, in which Partition Referee Partition filed an unlawful detainer document on March 18, 2020, that contained no judge, no department or department. He afterwards

8

hired, John F. Mansour as his attorney to filed fraudulent paperwork without Ms. Green-Jordan's knowledge or notification during COVID 19 Pandemic. The eviction filing violated California COVID 19 March 16, 2020, Governor's California Eviction Moratorium and Tenant Protect Orders and the California Governor's Executive COVID 19 Orders of March 19, 2020, and September 4, 2020, the Centers for Disease Control and Prevention (CDC) imposed nationwide temporary federal moratorium on residential evictions. Partition Referee intentional fraud of misrepresentation collusion with Mansour Law Group, APLC filing judgments in violation of the COVID 19 moratorium by filing on March 16, 2020, Summons; Complaint For Forcible Detainer CCP, 1160 (a)-Limited Action; on October 30, 2020, Orders; on April 15, 2021, the following MVC2002129: Application For Judgment By Default By Clerk For Restitution Of Premises Only (Pursuant To C.C.P. 1169); Request For Application by Clerk, CIV-100; Plaintiff Mandatory Cover Sheet And Supplemental Allegations-Unlawful Detainer, UD-101 and Request For Application Entry of Default, CIV-100. Furthermore, this said Partition Referee's lawyer filed on May 5, 2020: Judgment-Unlawful Detainer and Declaration In Support Of Issuance Of Writ Of Possession. Likewise on May 18, 2021, a Return on Writ Possession was filed. Similarly, on June 8, 2021, a second Declaration In Support Of Issuance Of Writ Of Possession.

32.     After COVID 19 the Tenant Eviction Moratorium lifted the following were filed: DECLARATION OF JOHN F. MANSOUR IN SUPPORT OF REISSUING A LOST WRIT OF POSSESSION-September 22, 2021; Application for Order of Service (granted); new Writ of Possession- October 4, 2012 (issued); Declaration In Support Of Issuance Of Writ Of Possession-$20 daily rental fee-November 13, 2021;

WRIT OF Possession Of- November 16, 2021 and Notice to Vacate-November 24, 2021. These last filing led to Mr. Jordan's eviction on December 1, 2021, with the Riverside County Sherriff harassing Mr. Jordan up to the eviction date.

33.     Mr. Jordan was so stressed by the Sheriffs' harassment that on November 22, 2021, he had a PTSD Episode at the Perris Sheriff Police Station about the Vacate-November 24, 2021 notice, he walked and screaming frantically from the property to the Perris Sheriff Station (about 4 miles). This incident was observed by Ms. Green-Jordan because she called to check on his emotional state and finding him extremely upset, she met him at the Perris Sheriff Police Station.

34.     On November 24, 2021, Ms. Green-Jordan wrote a letter to Chad Blanco, Riverside County Sheriff and cc: Jeff Hewitt, Riverside County 5th District Board Of Supervisor explaining about the fraudulent evictions and Mr. Jordan's PTSD Episode to get a peaceful resolution. This effort was ignored by both.

35.     Premeditated by a phone call on November 30, 2021, at 3:49 P.M and December 1, 2021, at 8:47 A.M. by an Officer Anthony informing Ms. Green-Jordan she needed to talk to an attorney, when all the time the plan was for Partition Referee to remove Mr. Jordan to seize possession of property at 12:00 P.M. without knowledge and notification to Ms. Green-Jordan. This whole happening of the prior phone calls and the last call (four (4) hours before Mr. Jordan's forceful removal) appear to be RICO Act activities including son getting verbal assaults, threats, and intentional infliction of emotional distress from the Riverside County Sheriff Department, Riverside County Animal Control, Partition Referee, and his lockout crew of individuals.

36.     A letter dated December 6, 2021 but arrived at Ms. Green-Jordan's residence on December I 0 2021, stated that "The May 29, 2018, court order titled "ORDER APPOINTING PARTITION REFEREE TO CONDUCT A PRIVATE SALE OF PROPERTY' ordering Ms. Green-Jordan to "remove from the Subject Property any and all tangible person property they own or placed on the Subject Property, excluding the fence." (See paragraph 17.) Requesting Ms. Green-Jordan to remove remaining items of personal property including mobile home, the motor vehicle, the storage container, and the miscellaneous items of personal property." Further stating that, "the current co order does not give Mr. Jordan permission to enter the property. Additionally, requesting for Ms. Green-Jordan to make arrangement with Partition Referee a mutually-convenient date to perform this work." However, in this correspondence there was no mention that all the utilities were cut off by him usurping Ms. Green-Jordan's property rights and Partition Referee using his name to do so.

37.     On December 14, 2021, Mr. Jordan received a letter from Partitional Referee Dated December 9, 2021, sent to Ms. Green-Jordan address stating that he vacated the premises at 22615 De Prad Street, Perris, Ca 92570, when in fact he was forced to leave in a manner as if he was a criminal, squatter or be put in jail. As per stated above the whole neighborhood witness this occurrence. The Riverside County Sheriff's Department has been put the neighbors on the alert that if anyone is seen at property report them.

38.     The said property was Mr. Jordan's grandparents of which he partially resided while growing up. Mr. Jordan is now homeless, and all of his processions taken away with a wrongful eviction by Partition Referee. He has used Ms. Green-Jordan's

11

address as identifiable because he has resided at this residence since he was nine (9) months. Ms. Green-Jordan has lived at her residence for over forty-one (41) years.

39.     Included in the above letter is that "An inoperable 90 GMC Jimmy is the only identifiable personal property. The remaining personal property is a collection of debris that appears valueless", and that he can claim his property by December 12, 2021, or it will be store with Partition Referee, with a "must" pay landlord's cost of storage for his property. If so fails to reclaim his property, then it will be sold at a public sale and notice of sale will given by publication. He would, thereafter, be charge for the cost of storage, advertising and sale will be deducted with the remaining money paid to the Riverside County with the option of claiming the remining money at any time within one year after county receive the money; if the property is under $700 in value, it will be disposed of. The Partition Referee in this letter has blatantly lied regarding Mr. Jordan's forced wrongful eviction. He nor Ms. Green-Jordan abandon the property. They were coerced with excessive forced to leave without retrieving belongings, feeling extreme intimidated, threatened and fearful of the Partition Referee actions and conduct.

40.     Partition Referee wrongly acting like a landlord as if Mr. Jordan had a landlord tenant agreement. The Partition Referee and the County of Riverside have no rights to go through Mr. Jordan's personal belongs, Ms. Green-Jordan's belongings or Perris Valley Arts And Activities Committee property and selling them without warrants, especially, after both Mr. and Ms. Green-Jordan were told forcibly to leave off of property or be arrested. It appears that the Partition Referee and the County are Riverside are colluding together to extort Mr. Jordan, too.

12

41.     Another letter dated December 14, 2021, was sent to Ms. Green-Jordan and brother's attorney regarding listing price of property of $175, 000 from Espinoza Reality, Ontario, California with not address to respond or to serve court filings; prepared for Jan Taylor, Real Estate Agent. This service was done by Partition Referee without authorization or notice from Ms. Green-Jordan.

42.     In addition to this letter received on December 14, 2021, Mr. Jordan received a Notice from the Department Of Motor Vehicles informing him that his resident has been requested pursuant to Vehicle Code Section 1808.22 that requires the department t release address to an attorney who is representing a client or criminal action that involve a motor vehicle or vessel, filed under investigation. This information was requested a released to:

43.     Law OFC Matthew L. Taylor Matthew L. Taylor
        8301ca Ave. #201
        RCH Cucamonga, CA 91730
        Telephone Number (909) 989-7784

44.     Through this letter to Mr. Jordan, Ms. Green-Jordan finally got Partition Referee Address to serve him. Before this happening the Superior Court Of California, County Of Riverside only provided a P.O. Box for the Partition Referee in which Ms. Green-Jordan rights to serve was deprived. Thereafter, Ms. Green-Jordan served him, Kevin Abbott, (Brother's Attorney) and John F. Mansour (Partition Referee's Attorney employed to evict Mr. Jordan), including the following:

45.     A Motion For Peremptory Challenge and Declaration In Support
        Of Motion For Peremptory Challenge, filed December 14, 2021

13

to remove Partition Referee Matthew L. Taylor (No response from the Superior Court Of California, County Of Riverside);

46.      Jurisdictional Challenge With Affidavit, filed December 27, 2021 which included exhibits of: Ms. Green Jordan's grant deed proof of ownership; Ms. Green-Jordan December 6, 2021, letter from Partition Referee; picture of County of Riverside sheriffs' with hand on taser/guns, a sheriff's vehicle outside of property perimeter and one of Partition Referee lockout crew truck with trailer; Mr. Jordan's December 9, 2021, letter; Department Of Motor Vehicles December 9, 2021, letter; All the Mr. Jordan's wrongful eviction filings (2020-21); Ms. Green-Jordan's Motion For Peremptory Challenge and Declaration In Support Of Motion For Peremptory Challenge; Tentative Parcel Map Cost Estimate to partition land in-half by Inland Valley Surveying, Inc,; Partition Referee Excessive billings from September 18, 2018 during the appeal process to May 4, 2020 (including a loan of $1,000); pictures of a prior trespassing eviction attempt of Mr. Jordan on December 11, 2019 when Ms. Green-Jordan was appealing to the California Supreme Court; picture of Partition Referee's Matthew L. Taylor and Jan D. Taylor, Espinoza Reality Agent business cards with no addresses on them; picture of November 30, 2021 and December 1, 2021 sheriff calls. (The latter four (4) hours before lockout and seizure of property and belongings.)

14

47.     The Peremptory Challenge and Declaration In Support Of Motion For Peremptory Challenge and Jurisdiction Challenge With Affidavit filed was ignored by all served and the California Superior Court of Riverside County never responded to these filings, thereby, violating Ms. Green-Jordan's due process constitutional rights, when these filings were injunctive actions.

48.     As well, on December 23, 2021, Mr. Jordan filed a Jurisdictional Challenge with Declaration instead of affidavit because he was unable to file an affidavit since his identification documents were seized with all his belonging. Thus, he had no identification to notarized.

49.     A letter of Notice Of Violation And Order To Abate Public Nuisance from the Code Enforcement Department County Of Riverside was received January 3, 2022, dated June 10, 2021, to Ms. Green-Jordan with Angie Solis business card attached. This was the first time Ms. Green-Jordan every received this notice.

50.     A billing statement from Partition Referee received on January 8, 2021, but dated January 4, 2022, included Professional Services charges of:

51.     11/24/21-Telephone calls With Riverside County Sheriff's Dept about lock at property for next week; Telephone call with project manager about lockout and coordinate with locksmith, inc.;12/1/2021-Attend and supervise Sheriff's lockout of tenant on property (James C. Jordan) and subsequent photographing of property and board-up of mobile home. Travel to and from property; 12/2/21-Review photos and drone images of property taken at lock-out yesterday; forward photos of property to my unlawful detainer attorney with cover email; arrange to have private investigator periodically inspect property to make sure that it is secure. Forward photos and court

15

orders to investigator; Run license plate through DMV of car abandoned on property. Forward information to my unlawful detainer attorney; 12/6/21-Draft letter to V. Green-Jordan asking her to remove her personal belongings items; Telephone call with investigator at property about fact that someone has broken into mobile home; E-mail to property manage to have the board-up of mobilehome repaired; 12/6/21-Telephone with S.C. Edison to shut off service to property; Telephone call with gas company to shut off services to property; 12/8/22-Telephone call with unlawful detainer attorney about procedure for notice to Mr. Jordan about items left at property; 12/9/12-E-mails with unlawful detainer counsel about notice of abandoned property; 12/10/21-Finalize notice of abandoned property. Cause to be mailed to former tenant James Jordan. E-mails with unlawful attorney about procedure for mailing; 12/13/21-Process loan from Referee to case to pay additional bills; Review and approve bills and cause to be paid; 12/16/21-Draft portions of motion for instructions re deadline to remove personal property; 12/27/21-Receive and review "Jurisdictional Challenge with Declaration" filed by James Jordan in unlawful detainer action; E-mail to unlawful detainer attorney about jurisdictional challenge served by Mr. Jordan; Exchange e-mails with private investigator about whether anyone has breached the boards on the windows for the mobile home; 12/28/21-Review file to determine that none of the owners objected to proposed listing price. E-mail to real estate agent asking her to send me a listing agreement at the recommended list price; Assemble exhibits for motion re moval of personal property; 12/29/21-Further work on motion; 12/30/21-Receive and review "jurisdictional challenge" filed by Virniecia Green-Jordan along with approximately 100 pages of exhibits; Review and sign vacant land listing agreement to place property on

16

market for sale. Exchange e-mails with real estate agent about same. Total charge for services $3,115; previous balance $7,630.66; Balance due: $10,745.66. This billing was unauthorized and without Ms. Green-Jordan's notice or knowledge.

52.     Another incident prior to the propety seizure and lockout that occurred on December 1, 2021, was after the denied appeal was on December 11, 2019. The Partition Referee, a real estate agent and a third person who refused to identify himself illegally trespassed on Subject Property without notice. The Mr. Jordan was extremely afraid and emotionally distress over the entrance and appearance of these individual without notice or identification and thereby immediately called Ms. Green-Jordan. Upon receiving the urgent emotion distress call of Mr. Jordan regarding these three individuals, the Ms. Green-Jordan videotaped and took pictures upon her arrival at the property to investigate Mr. Jordan's urgency. Ms. Green-Jordan, questioning who they were. As the video will verify, all compiled except for one individual who refused to identify himself (Matthew Taylor and John Martindale only identify themselves. The third person refused to identify himself.). The Partition Referee and the other two individuals were asked to leave immediately. At that time, the Defendant notified the Partition Referee that she was in the process of filing a Petition For Review with the Supreme Court Of California which was received December 19, 2019. The police were called to document this happening. The eviction on December 1, 2021, was the second time that the Partition Referee tried to take control of (seize) property with real estate agents an unknown other person without Ms. Green-Jordan's knowledge and notification.

53.     The Partition Referee has never acted beneficially or protecting the Ms. Green-Jordan interests. (CCP 873.520) The court cannot avoid the steps of partitioning

17

without the expressed or implied consent of the parties. Taggares v. Superio Court, 52 Cal. App. 4th 94 (Cal. App. 4th Dist. 1998)

54.     Opposition to Partition Referee Matthew L. Taylor appointment in Superior Court of California, Riverside County Case Number RIC 1704206 a per the filing of: Motion for Order to Show Clause: Vacation of Interlocutory Judgment an Declaration In Support Of Motion To Vacate-April 26, 2018; Ms. Green-Jordan has consistently contended court proceedings before, during and after trial. The trial court's partition procedures were abuse of discretion along with abuse of process and did not completely comply with the requirements governing California's laws regarding partition of property. The property can be partition. The Superior Court of California, Riverside County has allowed the deceitful fraudulent selection appointment process of Matthew Taylor as "Partition Referee". Ms. Green-Jordan never approved of Matthew Taylor to be her represented Partition Referee. The California Superior Court, County Of Riverside Judge Craig G. Riemer forced Partition Referee Matthew Taylor's appointment upon Ms. Green-Jordan without due process or ability to select a mutually agreed upon referee with brother's attorney. The opposition to the land being forced sale and the non-approval of the referee lead to Defendant filing an appeal of the judgment on June 14, 2018, and afterwards filing an appeal to the Supreme Court Of California December 19, 2019.

55.     On July 23, 2020, Ms. Green-Jordan has filed: MOTION BY DEFENTANT FOR PARTITION REFEREE REMOVAL and DEFENDANT OPPOSITON OF MOTTON AND MOTTON BY PARTITION REFERE FOR INSTRUCTION RE: MOBILE HOME in response to Partition Referee's NOTICE OF

MOTION AND MOTION BY PARTITION REFEREE FOR INSTRUCTIONS RE MOBILE HOME 4/30/2020. Recent filing by Ms. Green-Jordan was on December 14, 2021, MOTION FOR PEREMPTORY CHALLENGE; DECLARATION IN SUPPORT OF PEREMPTORY CHALLENGE. All filings have been ignored by the court, thereby depriving Ms. Green-Jordan's constitutional due process rights.

56.     Before trial, Ms. Green-Jordan was forced without notice to participate in a Mediation as Part of the TAM Program on April 13, 2018. Ms. Green-Jordan attended the Mandatory Settlement Conference on April 3, 2018, and no notification was given in regard to the what the TAM Mediation was or time. The trial was set for April 13, 2018, and Mr. Jordan, Ms. Green-Jordan expert witness (Mr. Jordan) was prepared for trial testimony. Brother's attorney had no witnesses available for the trial on Friday, April 13, 2018, who were the Riverside Code Enforcement Staff and the County of Riverside 5th District's Board Of Supervisors personnel. (Apparently, their absences appeared that they had prior knowledge of this day being a TAM Mediation. So, their appearance wasn't warranted.) Ms. Green-Jordan and Mr. Jordan were forced to participate in the TAM Mediation. Trial was set for the following Monday, April 16, 2018, without notice on Superior Court Of Riverside Downtown Civil Calendar for Department 5 where the trial was supposed to be held. Ms. Green-Jordan filed a motion To/For Trial Continuance By Virniecia Green-Jordan on the morning of April 16, 2018 which was allowed by the court clerk because no trial date was set on April 16, 2018 calendar. There was a pending trial for May 23, 2018, for the same issues. Also, there was a Probate Case Green-Jordan filed (PRR11801446) in which Ms. Green-Jordan's

Father Will assigned her as Executor of his estate, giving her full rights to sale and manage the propety.

57.     However, the judge denied motion and proceeded with trial on April 16, 2018, not allowing Ms. Green-Jordan to seek counsel because Ms. Green-Jordan wanted counsel concerning emails of Plaintiff Walter's Green Trial Brief sent on Friday, April 13, 2018, at 4:07 p.m. after court closing and Plaintiff Walter Green's Request For Judicial Notice emailed on Saturday, April 14, 2018 at 11:58 p.m. which included Ms. Green-Jordan paying excessive amounts of court fees.

58.     On April 26, 2018, Ms. Green-Jordan filed a Motion For Order To Show Cause Re: Vacation Of Interlocutory Judgment, Authorities and Declaration In Support Of Motion To Vacate to rebut actions of trial and judgement including the issues with brother's expert witnesses not showing up for trial on April 13, 2018 instead there was a TAM Mediation; non-posting of April 16, 2018, trial on Civil Calendar for Department 5 (Ms. Green-Jordan attached Civil Calendar as an exhibit, no record of trial on document); attached the email sent after the court closure and the other email sent almost midnight Sunday, the day before Monday's trial where Ms. Green-Jordan wasn't able respond or seek counsel. As well, Ms. Green-Jordan's brother attorney being a real estate broker, collusions with the Riverside Code Enforcement Offices because of two harassing Intent To Seize: April 4, 2018 posted on property from the Riverside County Department Of Code Enforcement after Settlement Conference and also on April 23, 2018 three days after brother's attorney filed Notice of Status Conference Re: Judgment By Walter Green. (Ms. Green-Jordan had a HCD permit to refurbish mobile home; the exhibit was attached to verify.) These filing were ignored by the court.

20

59.     On May 7, 2018, Ms. Green-Jordan filed a Declaration In Support of Motion To Vacate disputing Judge Craig Riemer proceedings and Civil Minutes on April 16. 2018, did not reflected what actually happened, fraudulent appraisal, non-approval proposed order of appointing Partition Referee Matthew L. Taylor to conduct a private sale of property on May 29, 2018, hearing (because Partition Referee was not agreed upon by both parties: Ms. Green-Jordan and brother had no selection process). Included in this declaration was that the proposed order banned Ms. Green-Jordan and Mr. Jordan from property violating both individuals their Fourth and Fourteenth Constitutional Rights, and thus being the reason to vacate judgment. This filing was ignored by the court.

60.     On May 18 Ms. Green-Jordan filed an Answer To Plaintiff Opposition To Motion To Vacate reiterating the above constitutional due process depravity issues. Despite Ms. Green-Jordan's filing legal documents, they have been ignored or denied. So, Ms. Green-Jordan appealed to Court Of appeals Of The State Of California Fourth Appellate District, Division Two on June 18, 2018.

61.     The Partition Referee has aggressively filed Notice Of Motion And Motion By Partition Referee For Instruction Re. Mobile Home on January 5, 2022; listed property for sale and ordered a preliminary title report from an insurance company as per January 12, 2022 letter states. (Didn't get letter until January 18, 2022.) Similarly, Espinoza Reality had an "As Is" Open House on property on January 15, 2022, without prior notice or authorization from Ms. Green-Jordan. This whole incident has deprived Ms. Green-Jordan's and Mr. Jordan's of their Fourth and Fourteenth Constitutional Rights under 42 U.S.C. 1983.

21

## V. HARM AS A RESULT OF DEFENDANTS' ACTIONS

62.    As a result of Ms. Green-Jordan's attempts to legally partition her property in-kind it has caused great emotional distress and harm to Ms. Green-Jordan, Mr. Jordan and grandson that resides with her.

63.    Instead of the legal processes working in Ms. Green-Jordan's behalf, put in place by the constitution of the United State to protect propety, individual lives and liberties the Superior Court Of California, County Of Riverside, the County Of Riverside, the Riverside County Sheriff Department, the Code Enforcement Department Of Riverside County, the Riverside County Department Of Animal Services and others have colluded to seize and sell Ms. Green-Jordan's and Mr. Jordan's property and belongings by ignoring court filings by them deprived their constitutional due processes rights that seemly perpetrate customary procedures and processes which have been harmful, caused deprivation and loss.

64.    Ms. Green-Jordan in the legal process to partition property has been forced without notice to participate in a TAM Mediation, forced to have a trial even after filing a continuance; forced to have a judgment of forced private sale in lieu of partition in-kind; forced to have a unwanted partition referee without a selection process; forced lockout of property without getting belongings and thereafter Partition Referee billing for the planning to and doing excessive force along with seizure actions obtaining property and processions as well as doing other unauthorized acts, charging Ms. Green-Jordan before and after seizure.

65.    The Superior Court Of The State Of California, Riverside County has allowed its officials: Judge Reimer (partition forced private sale instead of partition in-

22

kind; starting Ms. Green-Jordan's whole legal redress proceedings); Commissioner Gregory (Mr. Jordan eviction proceeding during the COVID 19 Pandemic and Eviction Moratorium) actions with Partition Referee Matthew L. Taylor to enact judgments and participation in processes that deprived Ms. Green-Jordan and Mr. Jordan of their constitutional due process filing rights.

66.     It is apparent, that Superior Court Of The State Of California, Riverside County is allowing a customary procedural of no address on the business card of Partition Referee Matthew Taylor and Jan Taylor Real Estate Agent; a possible relative, while conducting court actions or business.

67.     It is apparent, that Superior Court Of The State Of California, Riverside County is allowing improper notice of an email sent after Friday court closure hours, midnight Sunday emailing on the weekend prior to a trial. Furthermore, setting the trial the Monday after TAM Mediation on late Friday evening with no posting of trial on Court Civil Calendar the day of trial (Monday) limiting access of Ms. Green-Jordan ability to filings of disputes and repute court actions.

68.     The Superior Court Of The State Of California, Riverside County denied and deprived Ms. Green-Jordan and Mr. Jordan of due process constitutional rights as per allowing the excessive force and seizure collusions with Matthew Taylor orchestration of Riverside County Sheriffs, Riverside County Animal Services, Riverside County Code Enforcement Department, Matthew Taylor possible relative at Espinoza Reality and Mansour Law firm with the purpose of intentional harm and monetary gain.

69.    The Superior Court Of The State Of California, Riverside County denied and deprived Ms. Green-Jordan the ability to get redress from court filings by ignoring documents filed as stated in the above paragraphs.

70.    The Superior Court Of The State Of California, Riverside County has deprived Ms. Green-Jordan's injunctive relief in the removal its officials including Partition Referee Matthew L. Taylor and the abuse of process conduct as per Partition Referee Matthew Taylor Mr. Jordan evictions, property and belonging seizures and the forced selling of property and processions.

71.    Ms. Green-Jordan fears and worry that the loss of her property will result in severe indebtedness to the County Of Riverside because of the involvement of the Code Enforcement Department Of Riverside County. The County Of Riverside County Administrative staff and the Code Enforcement Department were Brother's trial expert witnesses.

72.    Now, Mr. Jordan is homeless and unemployed with an eviction record that will make it difficult to find a place to live and be gainfully employed.

73.    Over the years, Mr. Jordan sees his residing on property as a protection of his inheritance. He has suffered much harassment from Code Enforcement Department Of Riverside County and the Riverside County Department Of Animal Services causing past, present and future mental anguish and damages.

74.    Ms. Green-Jordan struggles with much humiliation and embarrassment from the seizure lockout as witness by the community and neighbors in which she grew up and as Ms. Green-Jordan being a past elected official for the Perris Elementary School

District for over thirty-three (33) years, establishing community agencies, services, organizations, social infrastructures and building school.

## VI. CLAIMS (CAUSE OF ACTIONS)

### Claim #1 (Cause Of Action)
### (Violation Of Fourth And Fourteen Amendments: Excessive Force pursuant to 42 U.S. C. § 1983)

75.     Mr. Jordan and Ms. Green-Jordan reallege and incorporates by reference all the paragraphs above.

76.     At all relevant times, Defendants Matthew L. Taylor; John F. Mansour (Hired attorney for Matthew L. Taylor wrongful unlawful detainer processing during and after COVID 19 Pandemic Tenant Moratorium against Mr. Jordan), Superior Court of California, County Of Riverside Judge Craig Reimer(Ms. Green-Jordan's Interlocutory Judgment May 29, 2018), Superior Court of California, County Of Riverside Commissioner David E. Gregory, (wrongful unlawful detainer processing during and after COVID 19 Pandemic Tenant Moratorium against Mr. Jordan), Riverside County Sheriff Department et al (follow-through of wrongful unlawful detainer processed during and after COVID 19 Pandemic Tenant Moratorium against Mr. Jordan), Riverside County Department Of Animal Services, County Of Riverside et al (Government entity over the County Of Riverside Sherriff Department and Riverside County Department of Animal Services), Jan D. Taylor, Espinoza Reality Real Estate Agent (member of Matthew Taylor lockout crew; possible relative), Espinoza Reality et at and acted under color of  law within the meaning of 42 U.S.C. § 1983.

25

77.     In forcing Mr. Jordan, Ms. Green-Jordan, a child, and a dog, the said above paragraph above-named defendants jointly and in concert used excessive and unreasonable force against Mr. Jordan and Ms. Green-Jordan.

78.     By using excessive and unreasonable force against Mr. Jordan and Ms. Green-Jordan the above-named defendants deprived Mr. Jordan and Ms. Green-Jordan of their clearly established rights under the Fourth and Fourteenth Amendments to be free from excessive and unreasonable force.

79.     As a result of the excessive and unreasonable force that the above-named Defendant used Mr. Jordan and Ms. Green-Jordan suffered damages.

## Claim #2 (Cause Of Action)
### (Violation Of Fourth Amendments: Unreasonable Seizure pursuant to 42 U.S. C. § 1983)

80.     Mr. Jordan and Ms. Green-Jordan reallege and incorporates by reference all the paragraphs above.

81.     At all relevant times, Defendants Matthew L. Taylor; John F. Mansour (Hired attorney for Matthew L. Taylor a wrongful unlawful detainer processing during and after COVID 19 Pandemic Tenant Moratorium against Mr. Jordan), Superior Court of California, County Of Riverside Judge Craig Reimer (Ms. Green-Jordan's Interlocutory Judgment May 29, 2018), Superior Court of California, County Of Riverside Commissioner David E. Gregory, (wrongful unlawful detainer processing during and after COVID 19 Pandemic Tenant Moratorium against Mr. Jordan), Riverside County Sheriff Department et al (follow-through of wrongful unlawful detainer

26

processed during and after COVID 19 Pandemic Tenant Moratorium against Mr. Jordan), Riverside County Department Of Animal Services, County Of Riverside et al (Government entity over the County Of Riverside Sherriff Department and Riverside County Department of Animal Services), Jan D. Taylor, Espinoza Reality Real Estate Agent (member of Matthew Taylor lockout crew; possible relative), Espinoza Reality et at and acted under color of law within the meaning of 42 U.S.C. § 1983.

82.     The above-named paragraph Defendants jointly and in concert used unreasonable seizure against Mr. Jordan and Ms. Green-Jordan, which acted as threats, intimidations, coercion and forced them to give up: their belongings, fundamental rights and to be free of unreasonable seizures.

83.     By the acts and conducts described above, against Mr. Jordan and Ms. Green-Jordan the above-named Defendants deprived Mr. Jordan and Ms. Green-Jordan of their clearly established Fourth Amendment to be free from unreasonable seizures.

84.     As a result of the unreasonable seizure from the above-named Defendants Mr. Jordan and Ms. Green-Jordan suffered damages.

**Claim #3 (Cause Of Action)**
**(Violation Of 42 U.S. C. § 1983 Liability In Connection With Action Of Another Supervisory Officials)**

85.     Mr. Jordan and Ms. Green-Jordan reallege and incorporates by reference all the paragraphs above.

86.     At all relevant times, Defendants Riverside County Sheriff Department et al and the County Of Riverside et al violated Mr. Jordan's and Ms. Green-Jordan's

federal; rights and should be liable for employees' collusion conduct of Matthew L. Taylor lockout crew.

87.    The Defendants, the Riverside County Sheriff Department et al and the County Of Riverside et al, of and acted under color of law within the meaning of 42 U.S.C. § 1983 because these entities knew about the above-named Defendants' employees' actions as per letter personally delivered to the administrative offices Riverside County Sheriff and the Riverside County 5th District Board Of Supervisor. (Sheriff's letter addressed to Chad Blanco, Riverside County Sheriff; cc: Jeff Hewitt, Riverside Jeff Hewitt 5th District Board Of Supervisor. (Both dates stamped on November 24, 2022.) The letter gave notice Mr. Jordan's fraudulent eviction proceedings of Partition Referee Matthew Taylor and his hired attorney John F Mansour and the violation of COVID Pandemic state and Federal eviction moratorium. As well, Mr. Jordan's PTSD Episode at the Perris Sheriff Station regarding the November 24, 2022, notice (PE312360065-Police Record). Ms. Green-Jordan as her past duty as an elected Perris Elementary School Board member of thirty-three years contributing and collaborating with their offices in development of organizations, agencies, and civic activities was attempting to get a positive resolution to the above said matters. Also, the County Of Riverside's and County of Riverside Sheriffs' prior knowledge of the excessive forced and property and belongings seizure was evidently known because of the premediated Sheriffs' calls and actions prior to events of depriving Mr. Jordan and Ms. Green-Jordan access to property and belongings as such secured by the Constitution and laws.

28

88.     As a result of the deliberate indifference to the consequences, established maintained policy, practice or custom from the above-named Defendants Mr. Jordan and Ms. Green-Jordan suffered damages.

### Claim #4 (Cause Of Action)
### (Violation Of 42 U.S. C. § 1983 State-created Danger: Due Process Of the Fourteen Amendment)

89.     Mr. Jordan and Ms. Green-Jordan reallege and incorporates by reference all the paragraphs above.

90.     At all relevant times, Defendants Riverside County Sheriff Department et al and the County Of Riverside et al injured and violated Mr. Jordan's and Ms. Green-Jordan's violated federal; rights of property and belonging seizures causing much intentional emotional distress were the result of the Defendants deliberate indifference to the consequences, established maintained policy, practice or custom. Under the Due Process Clause of the Fourteen Amendment, state officials may not deprive an individual of life liberty, or property without due process of the law.

91.     The Defendants, the Riverside County Sheriff Department et al and the County Of Riverside et al, acted with conscious disregard of a great risk of serious harm and deliberate indifference and acted under color of law within the meaning of 42 U.S.C. § 1983.

92.     Ms. Green-Jordan, service as a thirty-three (33) school board member engagement and collaborations in community, cultural, civic activities with the

29

Defendants makes her relationship with Defendants distinguished Ms. Green-Jordan from the public at large.

93.    The Defendants, the Riverside County Sheriff Department et al and the County Of Riverside et al made Mr. Jordan and Ms. Green-Jordan more vulnerable to injury and harm.

94.    As a result of the vulnerability to injury and harm Mr. Jordan and Ms. Green-Jordan suffered damages.

### Claim #5 (Cause Of Action)
**(Violation Of 42 U.S. C. § 1983 Due Process Of the Fourteen Amendment)**

95.    Mr. Jordan and Ms. Green-Jordan reallege and incorporates by reference all the paragraphs above.

96.    At all relevant times, Defendant Superior Court of California, County Of Riverside Judge Craig Reimer, Superior Court of California, Mr. Jordan and Ms. Green Jordan was forced to participate without notice in the TAM Mediation; forced trial on April 16, 2018 (after Ms. Green-Jordan filed a continuance on April 16, 2018); forced private forced-sale instead of considering partition in-kind (as state prefers.); forced the appointment of Partition Referee Matthew Taylor without a selection process (court has never given his address in court proceeding, needed to serve him); motions ignored prior to and after interlocutory judgment on May 29, 2012 to consider injunctive motions in order to get partition in-kind; remove the serious property access restrictions of Mr. Jordan and Ms. Green-Jordan and to remove Partition Referee Matthew Taylor whom has never worked neutrally in the behalf/benefit of Mr. Jordan and Ms. Green-Jordan.

Under the Due Process Clause of the Fourteen Amendment, state officials may not deprive an individual of life liberty, or property without due process of the law.

97.     As a result of the violating of their constitutional due processing rights, Mr. Jordan and Ms. Green-Jordan suffered damages.

### Claim # 6 (Cause Of Action)
**(Violation Of 42 U.S. C. § 1983 Due Process Of the Fourteenth Amendment)**

98.     Mr. Jordan and Ms. Green-Jordan reallege and incorporates by reference all the paragraphs above.

99.     At all relevant times, Defendant, Superior Court of California, County Of Riverside Commissioner David E. Gregory, wrongful processed an unlawful detainer processed during and after COVID 19 Pandemic Tenant Moratorium against Mr. Jordan which resulted in the excessive force and unreasonable seizure of Mr. Jordan's and Ms. Green-Jordan's properties, depriving them of getting any of their belongings. Mr. Jordan is not in a tenant-landlord relationship. He is an heir to Subject Property. Mr. Jordan and Ms. Green-Jordan have been denied their due Fourteenth due process rights with the violation and inability to file court paperwork to retrieve property, items or rebut the unlawful retainer and acted under color of law within the meaning of 42 U.S.C. § 1983.

100.    As a result of the violation of constitutional due process rights and procedures Mr. Jordan and Ms. Green-Jordan suffered damages.

### Claim # 7 (Cause Of Action)
**(Violation Of 42 U.S. C. § 1983 Due Process Of the Fourteenth Amendment)**

101.    Mr. Jordan and Ms. Green-Jordan reallege and incorporates by reference all the paragraphs above.

102.    At all relevant times, Defendant, John F. Mansour (Hired attorney of Matthew L. Taylor, wrongful unlawful detainer processing during and after COVID 19 Pandemic Tenant Moratorium against Mr. Jordan. during and after COVID 19 Pandemic Tenant Moratorium against Mr. Jordan which led to excessive force and unreasonable seizure of Mr. Jordan's and Ms. Green-Jordan's properties, depriving them of getting any of their belongings. Mr. Jordan is not in a tenant-landlord relationship with Matthew Taylor. He is an heir to said property. This was done without notice or knowledge given to Ms. Green-Jordan by John F. Mansour. Mr. Jordan filed a Jurisdictional Challenged on December 23, 2021, and this was ignored by John F. Mansour. Mr. Jordan and Ms. Green-Jordan have been denied their due Fourteenth process rights with the violation and inability to file court paperwork to retrieve property, items or rebut the unlawful retainer and acted under color of law within the meaning of 42 U.S.C. § 1983.

103.    As a result of the violation of constitutional due process rights and procedures Mr. Jordan and Ms. Green-Jordan suffered damages.

**Claim # 8 (Cause Of Action)**
**(Violation Of 42 U.S. C. § 1983: Abuse Of Process Of The Fourteenth Amendment)**

104.    Mr. Jordan and Ms. Green-Jordan reallege and incorporates by reference all the paragraphs above.

105.    At all relevant times, Defendant Partition Referee Matthew L. Taylor acted under color of law within the meaning of 42 U.S.C. § 1983. with ulterior purpose of doing excessive force, said property seizure and monetary gain willfully using legal

32

process not proper and in regular conduct of proceedings. As appointed Partition Referee Matthew L. Taylor has never acted on Ms. Green-Jordan and Mr. Jordan behalf neutrally, beneficially, or protected Ms. Green-Jordan interests. (CCP 873.520). Instead, has orchestrated collusion with the following abuse of process actions that eventually led to excessive force, property, and belongings seizure:

106.    Hiring Defendant attorney John F. Taylor to obtain an unlawful detainer processed during and after COVID 19 Pandemic Tenant Moratorium against Mr. Jordan (Mr. Jordan wasn't a tenant. He had no tenant-landlord relationship with Matthew L. Taylor.);

107.    Using Defendant Superior Court of California, County Of Riverside Judge Craig Reimer Interlocutory Judgment against Ms. Green-Jordan of May 29, 2018 as a way to establish a tenant-landlord relationship with Mr. Jordan to wrongfully evict him;

108.    Defendant Superior Court of California, County Of Riverside Commissioner David E. Gregory, processed wrongful unlawful detainer filings by Partition Referee and his attorney during and after COVID 19 Pandemic Tenant Moratorium against Mr. Jordan;

109.    Riverside County Sheriff Department et al used wrongful unlawful detainer processed during and after COVID 19 Pandemic Tenant Moratorium against Mr. Jordan to generate eviction proceedings as per eviction process including the

33

Defendants: Riverside County Department Of Animal Services, the Defendant County Of Riverside et al;

110.     The Defendant County Of Riverside Sherriff Department et al; Defendant Jan D. Taylor, Espinoza Reality Real Estate Agent (member of Matthew L. Taylor five car lockout crew; possible relative.) and Defendant Espinoza Reality et al jointly colluded and in concert with coordinating excessive force, property and belongings seizure of Mr. Jordan and Ms. Green-Jordan and a California nonprofit.

111.     After Matthew L. Taylor seized Mr. Green-Jordan and Mr. Jordan's properties and belongings he extorted Mr. Jordan by demanding he buy back his belonging seized or they will be sold at a private sale which included the Defendant County Of Riverside et al. Similarly, five days later after seize, he cut off the property's utilities and placed them in his name (The sheriff told Ms. Green-Jordan she had fifteen days to respond to lockout, but Matthew L. Taylor did not allow response time after lockout to Mr. Jordan or Ms. Green-Jordan to file any court paperwork or seek counsel.). He continued orchestrating actions to liquidate access and sell property, e.g., "As Is" Open House selling Subject Property and Mr. Jordan's, Ms. Green-Jordan's and Perris Valley Arts And Activities possessions by Defendant Espinoza et, al.  The latter above actions without Mr. Jordan or Ms. Green-Jordan notice or knowledge.

112.     Likewise, Matthew L. Taylor is colluded with Defendants, Angie Solis, Code Enforcement Department Of Riverside County officer; Dependent Code Enforcement Department Of Riverside County, et al., as per sending Ms. Green-Jordan,

34

after property seizure, a letter of "Notice Of Violation And Order To Abate Public Nuisance from the Code Enforcement Department County Of Riverside that was dated six months prior to property seizure of which Ms. Green-Jordan never received. The Code Enforcement Department Of Riverside County were expert trial witnesses and have been harassing Mr. Jordan and Ms. Green-Jordan prior to and after excessive force and property seizure. Matthew L. Taylor is engaging the code enforcement department for the removal of the mobile home on premises and the removal of Mr. Jordan's and Ms. Green-Jordan's belongings to burden incurring cost and indebtedness to them, e.g., liens and cumbersome abatement services under the abuse of process possibly to be used by Matthew Taylor regarding Mr. Jordan and Ms. Green-Jordan abandonment of property in which this didn't occurred. They were forced off property and deprived access to retrieve belongings.

113.    The Partition Referee has aggressively filed Notice Of Motion And Motion By Partition Referee For Instruction Re. Mobile Home during the first week of January, 2022, listed property for sale and ordered a preliminary title report from an insurance company all without Ms. Green-Jordan's and Mr. Jordan's without notice or authorization. Yet, both Mr. Jordan and Ms. Green-Jordan have filed court paperwork that have been ignored by Partition Referee Matthew Taylor, his attorney and court. Instead, Partition Referee charged Ms. Green-Jordan for reading them. (Mr. Jordan filed a Jurisdictional Challenge with Declaration; Ms. Green-Jordan filed: Peremptory Challenge; Declaration In Support Of Motion For Peremptory Challenge and Jurisdictional Challenge With Affidavit,)

35

114.   Defendant Matthew Taylor, prior to and during property excessive force and property seizure, employed the use of a drone, property manager, a locksmith, private investigator, property manager, continual conferring with his unlawful detainer attorney along with the following billings that substantiate the use of a legal process not proper and in regular conduct of proceedings: telephone calls with Riverside County Sheriff's Department about lock at property for the week prior; telephone call with project manager about lockout and coordinate with locksmith, inc.; attendance and supervise Sheriff's lockout of tenant on property (James C. Jordan) and subsequent photographing of property and board-up of mobile home; travel to and from property; reviewing photos and drone images of property taken at lock-out; forward photos of property to my unlawful detainer attorney with cover email; arrange to have private investigator periodically inspect property to make sure that it is secure; forward photos and court orders to investigator; run license plate through DMV of car abandoned on property; forward information to my unlawful detainer attorney; drafted letter to V. Green-Jordan asking her to remove her personal belongings items; telephone call with investigator at property about fact that someone has broken into mobile home; e-mail to property manage to have the board-up of mobilehome repaired; telephone with Southern California Edison to shut off service to property; telephone call with gas company to shut off services to property; telephone call with unlawful detainer attorney about procedure for notice to Mr. Jordan about items left at property; emails with unlawful detainer counsel about notice of abandoned property; finalize notice of abandoned property. Cause to be mailed to former tenant James Jordan; e-mails with unlawful attorney about procedure for mailing; process loan from Referee to case to pay additional bills; review

and approve bills and cause to be paid; draft portions of motion for instructions re-deadline to remove personal property; receive and review "Jurisdictional Challenge with Declaration" filed by James Jordan in unlawful detainer action; e-mail to unlawful detainer attorney about jurisdictional challenge served by Mr. Jordan; exchange e-mails with private investigator about whether anyone has breached the boards on the windows for the mobile home; review file to determine that none of the owners objected to proposed listing price; e-mail to real estate agent asking her to send me a listing agreement at the recommended list price; assemble exhibits for motion removal of personal property; further work on motion; receive and review "jurisdictional challenge" filed by Virniecia Green-Jordan along with approximately 100 pages of exhibits; review and sign vacant land listing agreement to place property on market for sale; exchange e-mails with real estate agent about same. Total charge for services $3,115; previous balance $7,630.66; Balance due: $10,745.66. This billing was unauthorized and without Ms. Green-Jordan's notice or knowledge.

115.    As a result of the violation of Defendant Matthew Taylor constitutional abuse of process Mr. Jordan and Ms. Green-Jordan has suffered damages.


## VII. REQUEST FOR RELIEF


**WHEREFORE,** Mr. Jordan and Ms. Green-Jordan request that this court:

a.      Enter judgment against the Defendants jointly and severally and in favor of Mr. Jordan and Ms. Green-Jordan awarding compensatory damages against all Defendants or such amounts as a jury may award for the violation of Claims# 1-8.

b.      Enter judgment against the Defendants jointly and severally and in favor of Mr. Jordan and Ms. Green-Jordan for compensatory and punitive damages in such amounts as a jury many determine for the violations of Claims# 1-8.

c.      Award injunctive relief against the proceeding of partition forced private sale of property and selling/discarding of possessions, allowing the property to be partition in-kind.

d.      Award reasonable costs, expenses, and if necessary, attorney fees provided by *inter alta* 42 U.S.C. § 1983.

e.      Pre- and post-judgment interest, and

f.      Award such other relief as this Court may deem necessary and appropriate.


Date: _____1/26/22_____

Sign: _____

Print Name: Kimiecia Green-Jordan

Sign: _____

Print Name: James Jordan

### JURY DEMAND

Mr. Jordan and Ms. Green-Jordan herby demands a jury trial on all issues raised in this complaint.

Date: 1/26/22

Sign: _____

Print Name: Vrnieeia Green-Jordan

Sign: _____

Print Name: James Jordan II

39